IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 1:14-cr-181-WSD |
| CHRISTOPHER JOSEPH ATKINS, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Government's Motion for Downward Departure Based on Substantial Assistance [8] and Defendant's Sentencing Memorandum in Support of the Government's Motion for Downward Departure [9].

I.   BACKGROUND

This prosecution arose from the break in of a home and the abduction of a 14-year-old girl during the break in.  Defendant entered a plea of guilty to conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951.  At sentencing, the Court determined under the United States Sentencing Guidelines that Defendant had an adjusted offense level of 29 and a criminal history category

of IV, which provided for a custody guideline range of 121-151 months. Defendant was sentenced to 121 months of incarceration.

The Government now moves for a reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure based on Defendant's cooperation in the investigation and prosecution of others indicted based on the break in and abduction. Fed. R. Crim. P. 35(b). The Government moves the Court to consider Defendant's adjusted offense level as 26, and impose an adjusted sentence of 92 months, the lowest end of the guideline range that corresponds to adjusted offense level 26. Defendant supports the Government's motion, but argues that he should be sentenced to the low end of the custody range for adjusted offense level 24. Defendant claims the Government did not, in making its reduction recommendation, give sufficient weight to threats Defendant faced as a result of his acknowledged cooperation. Defendant argues that an assumed adjusted offense level of 24 will appropriately recognize the threats to Defendant resulting from his cooperation.

**II.   DISCUSSION**

In evaluating the Government's motion for reduction of sentence under Rule 35(b) based on Defendant's substantial assistance, the Court considers U.S.S.G. § 5K1.1, which provides:

    (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

        (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

        (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

        (3) the nature and extent of the defendant's assistance;

        (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

        (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1; see also United States v. Livsay, 525 F.3d 1081, 1091-1092 (11th Cir. 2008); United States v. Luiz, 102 F.3d 466, 469 (11th Cir. 1996).

Applying these criteria and considering the representations made by the Government in its motion, the Court concludes that a sentence reduction is appropriate. The only question that remains is the degree of the reduction. Having considered the five § 5K1.1 factors listed above and the fairness of the reduction requested, the Court determines that Defendant's custodial sentence should be reduced from 121 to 88 months.

## III. CONCLUSION

Accordingly, and for the reasons stated above,

**IT IS HEREBY ORDERED** that Government's Motion for Downward Departure Based on Substantial Assistance [8] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's period of confinement is **REDUCED** to **EIGHT-EIGHT (88) MONTHS**. All other aspects of Defendant's sentence shall remain the same.

**SO ORDERED** this 16th day of December, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE